June 23, 2016 - Marlyne M. Campbell, Plaintiff  5 Pages Total

# UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

ATTACHMENT 1

**PLAINTIFF'S NAME**
Marlyne M. Campbell
P.O. Box 592
Randolph MA 02368

CIVIL ACTION

V.

NO._____

**DEFENDANT'S NAME**
Bristol Community College
777 Elbree Street
Fall River, MA

## COMPLAINT

### Parties

1. The Plaintiff is a resident of Fall River, Bristol County, Massachusetts and a citizen of the United States

2. The Defendant is a resident of Bristol Community College, a resident of Fall River, Massachusetts and a citizen of the United States.

### Jurisdiction

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332
    (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between
    (b) **Venue** lies in Bristol County, Massachusetts, because the acts for which suit is brought have occurred in Bristol County, Massachusetts, and the Defendant is located within Bristol County, Massachusetts.

1

# FACTS

Marlyne M. Campbell, Plaintiff who is an African American women serving Bristol Community College as a Career Development Counselor for the Massachusetts Community College and Workforce Development Transformation Agenda, Fall River, Massachusetts in 2012. The Plaintiff in a Title VII carry the initial burden under the statute of establishing a prima facie case of racial discrimination by showing;

1. *Member of a "protected class"*
2. *Qualified for the job*
3. *Terminated,* after Plaintiff, the position was filled not from Plaintiff's qualifications.
4. *Damaged by the discrimination (i.e. lost wages and Intentional Infliction of Emotional distress)*

*Sufficient evidence of Breach of Contract, /complaint workload, Offensive racial slur "Mack Daddy" Harassment/Hostile work environment Unlawful Retaliation and Reprisal Wrongful termination,*

*The Plaintiff is filing a Complaint Employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, and/or Title 29 of the Code of Federal Regulations, part 1614, et seq. Pretext to hide discriminatory motives.*

*Plaintiff will make that proof by showing that the reasons given by the Defendants for terminating are untruths, false allegations and pretext. Plaintiff will expose the Bristol Community College / Defendants, President's designee Immediate Supervisor Kristen McKenna reasons as so incredible that a jury can conclude they are deliberately false to hide a discriminatory motive.*

*Defendant violation of Title VII a "disparate impact violation." Defendant is shown to have used a specific employment practice, neutral on its face but that caused a substantial adverse impact to a "protected class" and cannot be justified as serving a legitimate business goal for the employer. No proof of intentional discrimination is necessary.*

## BREACH OF CONTRACT:
**4.** On August 20, 2012 , Marlyne M. Campbell, Professional Staff Member – a unit member whose primary duties are other than teaching.;
This Agreement is entered into by between the Board of Higher Education and the Employees Collective Bargaining Organization as the exclusive bargaining representative for all employees in the bargaining unit described in Article I.
**The Violations: Article 4.03, 12, 13** there is a causal link between Plaintiff and HR Defendant actions after Plaintiff's protected activity and the adverse employment action.

2

MCCC UNION AGREEMENT HANDBOOK "2012" (Preamble pg. 6) Bristol Community College was negligent and in breach of Massachusetts Community College Council Contract in not providing the E-7 Form to be filled out during four months of employment (August 20 thru December 26, 2012.) Plaintiff has evidence.

### Breach of Contract / DISCRIMINATION:
**5.** Facts continued……….. The Defendant not following a set procedure when dealing with grievances , maintenance of records Article V, Grievance Procedure Article XII 12.01 and other work related problem which Plaintiff had at work Article XII Workload, work Assignment). Plaintiff unfairly dismissed.

### RACIAL SLUR
**6.** *All these interrelated sequence of events occurred and/or started after Plaintiff reported an offensive racial slurs when the Defendant and staff members were unofficially referring to the Grant ( from Aug. 28 thur Oct. 10. 2012) as* **"Mack Daddy"** *(Massachusetts Community College and Workforce Development Transformation Agenda (acronym:* **MCCWDTA***) that the Obama Administration awarded 20 Million dollars to the 15 Community Colleges in the State of Massachusetts 2011-2014. To help rehabilitate out of work employees and/or change careers in the workforce.*
"*A workforce partnership with* **U.S. Department of Education** *and* **U. S. Department of Workforce Development** *of this scale and complexity is unprecedented in Massachusetts.*"

### Retaliation / DISCRIMINATION / Harassment:
**7.** Facts continued…………. Dec. 11th Defendant exposed taking away resources (i.e. computer, desk, phone extension, College office space. Plaintiff treated worse, different and unfair, having employment resources withheld, based on protected class Direct evidence provides a strong causal link between the alleged discriminatory. Plaintiff requesting to meet causing prolonged damage , tangible revised reaction. Plaintiff has E-evidence.

### Wrongful Termination /Hostile Work environment
**8.** Facts continued………….
-November 17, 2012 Plaintiff schedule a meeting with HR Defendant's unfair treatment regarding Harassment, work load, working on holidays and weekends, Defendant continuously informed Plaintiff work has to be done. Defendant continue to isolate plaintiff and continue to avoid Plaintiff when asking to meet. Plaintiff have E-evidence to prove. Plaintiff's contact time, instructional workload and preparation time was over 37.5 hours weekly. Unless modified with both Defendant and Plaintiff was in direct violation of Provision Article XII 12.01 workload MCCC Union Contract.

3

- NOVEMBER 19, 2012 two days after met with HR.m Plantiff given in hand a POOR WORK PERFORMANCE two page letter without DUE PROCESS and **eleven months forward**
-December 19" 2013 Defendant back tracked and inserted inside Defendant's 18 page Answer and Position Statement and mailed an exhibit letter dated Dec. 19, 2013. Plaintiff never reserved Dec. 19, 2013 before November/2013, again 11 month after wrongful termination. Nov. 19, 2012 or December 19, 2013 letters were not in Plaintiff's personnel files and willing to testify it did not happen.

Plaintiff's Step One Hearing, mediation, grievances' Union bargaining agreement Intentional Infliction of Emotional Distress. Defendant was reckless. Pre-text discrimination. December 26, 2012 Defendant summons Plaintiff to HR was Terminated immediately. Plaintiff termination was illegal in breach of an explicit or implied contract of employment or an employer-union contract collective bargaining agreement. Defendant in breach of the covenant of good faith and fair dealing (MCCC Union Contract Article II 2.01, 2.04). Knowing such blatant disregard and negligence without due process did not protect Plaintiff's rights.
Additional harm causing Intentional Infliction of Emotional Distress and impeded Plaintiff's ability to achieve goals.

Very misleading causing many side effects, nothing short of a recurrent aerial fibrillation and side effects (i.e. asthma attacks, shortness of breathe, breathing difficulties, sleep apnea, blood pressure issues). I'm willing to testify the letter did not happen.

### 9. Wrongful Termination HARASSMENT:
Dec. 17, 2012 Plaintiff reported an unacceptable insulting racial slur which Defendants unofficially renamed the Grant "Mack Daddy" . Plaintiff respectfully in accordance with company policy, reported this offensive racial slur continually to the Defendants,(i.e. appropriate manager, Human Resources, and faculty). An adverse action against Plaintiff, retaliation and wrongful termination to hide discrimination. Plaintiff was Wrongfully Don't develop fair rules and consequences, Didn't conduct a fair investigation, didn't use corrective but unprecedented, punitive action in response to the Breach of Contract. Employer used most harshest form of punishment termination. No communication of the standard, no disapproval, no verbal warning , no written warning , no suspension, just immediate termination.
Terminated on Dec. 26, 2012 without due process according to Union Agreement Handbook.

**10.** The legal claim and equitable claim Plaintiff is seeking.
➢ Front Pay
➢ Back Pay and benefits Plaintiff would've receive the entire two year Grant

4

- ➢ Compensatory and Punitive Damages
- ➢ Attorney's Fees
- ➢ Injunctive Relief
- ➢ Lost future wages
- ➢ Reinstated to a job or equivalent position
- ➢ Defendant should take complaints serious and take appropriate steps to stop reoccurrences of discrimination and provide on going Cultural Competency Training in hopes of eradicating discriminatory practices .
- ➢ Had the Breach of contract not occurred I might be still working, I would have insurance, and not have been damaged
- ➢ The proper damages awarded will make Plaintiff whole and in a position if the Breach of Contract not have occurred
- ➢ My records expunged, letter of apology and a copy put inside of my personnel files.
- ➢ This is only relief from harm for which an award of money damages is not a satisfactory solution and it will be impossible to determine and calculate its monetary value.

**11.** WHEREFORE, the Plaintiff demands judgment against the Defendants for damages and such other relief as this Court deems just.

**12.** Yes, Plaintiff wants a trial by jury, this is Plaintiff's requested.

**13.** The Plaintiff demands a trial by jury.

Signature Name: _[signature]_                                    Date: _6/23/2016_
Marlyne M. Campbell, Plaintiff
Post Office Box 592
Randolph, Massachusetts 02368
Telephone # 617-694-4009