UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                              |   |                    |
|------------------------------|---|--------------------|
| MARLYNE M. CAMPBELL,         | ) |                    |
|                              | ) |                    |
| Plaintiff,                   | ) |                    |
|                              | ) | Civil Action No.   |
| v.                           | ) | 16-11232-FDS       |
|                              | ) |                    |
| BRISTOL COMMUNITY COLLEGE,   | ) |                    |
|                              | ) |                    |
| Defendant.                   | ) |                    |

MEMORANDUM AND ORDER
ON MOTION TO DISMISS

**SAYLOR, J.**

This is a workplace discrimination and retaliation action. Plaintiff Marlyne Campbell has brought suit against her former employer, defendant Bristol Community College. The complaint alleges claims for hostile work environment, discrimination on the basis of race, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, as well as state-law claims arising out of the same facts. Plaintiff is proceeding *pro se*.

Defendant has moved to dismiss the complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) and for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). For the following reasons, the motion will be granted in part and denied in part.

**I.    Background**

Unless otherwise noted, the facts are set forth as alleged in the complaint.

Bristol Community College ("BCC") is a public institution of higher education

established under Mass. Gen. Laws ch. 15A, § 5. Marlyne Campbell is an African-American woman and former employee of BCC. (Compl. 2).

In 2012, Campbell worked as a Career Development Counselor at BCC. (*Id.*). BCC was one of fifteen state community colleges that benefitted from a $20 million federal educational grant entitled the Massachusetts Community College and Workforce Development Transformation Agenda, or the MCCWDTA grant. (*Id.* ¶ 6). The complaint alleges that from August 28, through October 10, 2012, staff members at BCC informally referred to the MCCWDTA grant as the "Mack Daddy" grant. (*Id.*). The complaint characterizes that term as an "insulting racial slur." (*Id.* ¶¶ 7, 9).

On November 17, 2012, Campbell met with unspecified personnel in the human resources department to complain about what she viewed as harassment and an excessive workload. (*Id.* ¶ 8). Two days later, on November 19, she received a poor work-performance review. (*Id.*). On December 11, 2012, BCC allegedly took away resources that Campbell needed to perform her responsibilities, including her computer, desk, phone extension, and office space. (*Id.* ¶ 7). The following week, she reported to "[an] appropriate manager, human resources, and faculty" that employees were referring to the MCCWDTA grant as the "Mack Daddy" grant. (*Id.* ¶ 9). Shortly thereafter, on December 26, 2012, Campbell was terminated. (*Id.*). The complaint alleges that BCC terminated her without conducting a fair investigation and without any verbal or written warning. (*Id.*).

On September 13, 2013, Campbell filed a claim with the Massachusetts Commission Against Discrimination ("MCAD") alleging employment discrimination on the basis of age and race, as well as retaliation. (Campbell MCAD Charge, Def. Mot., Ex. A, 3).[1] After an

---

[1] For the purposes of a motion to dismiss under Rule 12(b)(6), the Court may consider "official public records" in addition to the facts alleged in the complaint. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). The

investigation and preliminary hearing, the MCAD determined that there was insufficient evidence to determine that Campbell had been discriminated against. (MCAD Notice of Lack of Probable Cause Finding, Def. Mot, Ex. C).

On June 23, 2016, Campbell brought this lawsuit alleging violations of state and federal law arising out of what she viewed as BCC's discriminatory and retaliatory conduct. BCC has moved to dismiss the complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6).

## II. Standard of Review

On a motion to dismiss for failure to state a claim made pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

On a motion to dismiss for lack of subject matter jurisdiction made pursuant to Fed. R. Civ. P. 12(b)(1), "'the party invoking the jurisdiction of a federal court carries the burden of

---

Court may "take judicial notice of [MCAD documents] without converting [defendant's] motion to one for summary judgment. *Wong v. Resolve Tech.*, 2011 WL 3157198, at *2 n.4 (D. Mass. July 25, 2011). *See also Gallo v. Bd. of Regents of Univ. of California*, 916 F. Supp. 1005, 1007 (S.D. Cal. 1995) ("[T]he Court may consider both the EEOC right to sue letter and the EEOC charge . . . as public records subject to judicial notice.").

proving its existence." *Murphy v. United States,* 45 F.3d 520, 522 (1st Cir. 1995) (quoting *Taber Partners, I v. Merit Builders, Inc.,* 987 F.2d 57, 60 (1st Cir. 1993)). When ruling on a 12(b)(1) motion the Court "must credit the plaintiff's well-[pleaded] factual allegations and draw all reasonable inferences in the plaintiff's favor." *Merlonghi v. United States,* 620 F.3d 50, 54 (1st Cir. 2010).

## III.  Analysis

Although not entirely clear, the *pro se* complaint appears to allege six claims arising under Title VII and state law. The Title VII claims include (1) hostile work environment, (2) race discrimination, and (3) retaliation. The state law claims include (1) breach of contract, (2) intentional infliction of emotional distress, and (3) wrongful termination.

### A.  State-Law Claims

"As a general matter, states are immune under the Eleventh Amendment from private suit in federal courts, absent their consent." *Wojcik v. Mass. State Lottery Comm'n*, 300 F.3d 92, 99 (1st Cir. 2002) (quotations omitted). States' sovereign immunity "extends to any entity that is an 'arm of the state.'" *Id.* (quoting In re *San Juan Dupont Plaza Hotel Fire Litig.,* 888 F.2d 940, 942 (lst Cir. 1989)). It is well-established that "[a] State's constitutional interest in immunity encompasses not merely whether it may be sued, but *where* it may be sued." *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98 (1984). The Commonwealth has not waived sovereign immunity for tort claims brought in federal court. *See Caisse v. DuBois*, 346 F.3d 213, 218 (1st Cir. 2003) ("By enacting the Massachusetts Tort Claims Act, the Commonwealth has not waived its Eleventh Amendment immunity to suit in federal court."). It also appears that the state has not consented to be sued in federal court for the contract claims alleged here. *See BT INS, Inc. v. Univ. of Massachusetts*, 2010 WL 4179678, at *3 (D. Mass. Oct. 19, 2010) (finding

4

that neither the Commonwealth nor the University of Massachusetts, created by Mass. Gen. Laws ch. 15A, § 5, "has unequivocally expressed consent to suit in federal court" on breach of contract claim).

As a public community college established under Mass. Gen. Laws ch. 15A, § 5, BCC "is an arm of the Commonwealth of Massachusetts." *Thomas v. Salem State Univ.*, 2013 WL 3404331, at *7 (D. Mass. July 2, 2013). *See also Shocrylas v. Worcester State Coll.*, 2007 WL 3332818, at *6 (D. Mass. Oct. 29, 2007) (concluding that Worcester State College, created by Mass. Gen. Laws ch. 15A, § 5, is an "arm of the Commonwealth" entitled to sovereign immunity); *Cichocki v. Massachusetts Bay Cmty. Coll.*, 2016 WL 4194239, at *4 (D. Mass. Aug. 8, 2016) (concluding that Massachusetts Bay Community College, created by Mass. Gen. Laws ch. 15A, § 5, is a "state entity" entitled to sovereign immunity). As such, it is entitled to sovereign immunity under the Eleventh Amendment. Because Massachusetts has not consented to suit in federal court for the state law claims pleaded in the complaint, the Court lacks jurisdiction to consider them. Accordingly, the state law claims will be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### B. <u>Hostile Work Environment Claim Under Title VII</u>

Plaintiff contends that the repeated use of the epithet "Mack Daddy" created a hostile work environment prohibited by Title VII. It is well-established that prior to filing a civil action for employment discrimination under Title VII, a plaintiff must first file a timely charge of discrimination with the EEOC and/or MCAD. *See Lattimore v. Polaroid Corp.,* 99 F.3d 456, 464 (1st Cir. 1996). A charge of discrimination must be filed with the EEOC and/or MCAD within 300 days after the unlawful conduct occurred. 42 U.S.C. § 2000e–5(e)(1); Mass. Gen. Laws ch. 151B, § 5. "A charge alleging a hostile work environment claim, however, will not be

time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002).

Here, the complaint alleges that the repeated use of the term "Mack Daddy" gives rise to the hostile work environment claim and occurred during a discrete period, from August 28 to October 10, 2012. Plaintiff did not bring her MCAD complaint until September 13, 2013, 339 days after the complaint alleges that the phrase "Mack Daddy" was last used in her presence. Because none of the acts that form the basis for the hostile work environment claim occurred within 300 days of the date plaintiff brought her MCAD complaint, the claim is untimely. *See Goldstein v. Brigham & Women's Faulkner Hosp., Inc.*, 80 F. Supp. 3d 317, 324 (D. Mass. 2015) (finding that "only those acts that occurred . . . 300 days prior [to the filing of an MCAD/EEOC complaint] may be the basis for liability"). Accordingly, the hostile work environment claim will be dismissed.

### C. Retaliation and Discrimination Claims Under Title VII

The complaint also alleges discrimination and retaliation claims pursuant to Title VII. In her opposition to the motion to dismiss, plaintiff referred to a number of facts that may be relevant to the retaliation and discrimination claims, but that were not alleged in the complaint. However, on a motion to dismiss, the Court may consider only the allegations contained in the complaint to determine whether it has stated a claim upon which relief can be granted. It is a close question whether the claims pleaded in the complaint concerning retaliation and discrimination are sufficient to survive a Rule 12(b)(6) challenge. Because plaintiff is proceeding *pro se*, and rather than consider the merits of the motion at this time, the Court will grant plaintiff leave to file an amended complaint in order to give her an opportunity to

incorporate additional allegations contained in the opposition papers into the complaint. The motion to dismiss will be denied as to the discrimination and retaliation claims without prejudice to its renewal after plaintiff files an amended complaint.

## IV. Conclusion

For the foregoing reasons, defendant's motion to dismiss is GRANTED in part as to the claims arising under state law and for a hostile work environment under Title VII and DENIED in part without prejudice as to the claims for unlawful discrimination and retaliation under Title VII. Plaintiff may file an amended complaint on or before March 17, 2017, concerning the remaining claims under Title VII for retaliation and discrimination.

**So Ordered.**

Dated: February 23, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge