UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS

_____
                                          )
MARLYNE M. CAMPBELL,                      )
                                          )
        Plaintiff,                        )
                                          )   Civil Action No.
        v.                                )   16-11232-FDS
                                          )
BRISTOL COMMUNITY COLLEGE,                )
                                          )
        Defendant.                        )
_____)


          MEMORANDUM AND ORDER ON DEFENDANT'S MOTION
              TO DISMISS THE AMENDED COMPLAINT

SAYLOR, J.

On June 23, 2016, plaintiff Marlyne Campbell filed a complaint against her former employer, defendant Bristol Community College, alleging discrimination and retaliation on the basis of race. On October 5, 2016, defendant moved to dismiss the complaint. That motion was granted in part and denied in part, and plaintiff, who is proceeding *pro se*, was permitted to file an amended complaint concerning the remaining claims.

On March 17, 2017, plaintiff filed an amended complaint alleging claims for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Defendant has moved to dismiss the amended complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

In substance, the amended complaint alleges that in the summer and early fall of 2012, the president and dean of Bristol Community College, among others, referred to a large educational grant received by the college, which is entitled the "Massachusetts Community

College and Workforce Development Transformation Agenda" grant, or the MCCWDTA, as the "Mack Daddy" grant. The complaint alleges that the phrase "Mack Daddy" is an offensive racial slur "used to describe a black male that pimps women." The complaint alleges that shortly after plaintiff complained to her superiors about the use of that moniker, she suffered a number of adverse consequences, including being given an overwhelming workload, being denied resources, and, ultimately, being terminated.

Defendant contends that the amended complaint fails to state a claim for discrimination and retaliation because (1) the employees' use of the phrase "Mack Daddy" falls within the stray remarks doctrine and (2) the phrase is objectively race-neutral.

While defendant's arguments are not without force, at this stage of the proceedings, plaintiff must only "plead enough facts to make entitlement to relief plausible." *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013). Under the stray remarks doctrine, "'statements by decisionmakers unrelated to the decisional process itself' normally are insufficient to prove [an] employer's discriminatory animus." *Shorette v. Rite Aid of Maine, Inc.*, 155 F.3d 8, 13 (1st Cir. 1998) (quoting *Santiago v. Canon U.S.A., Inc.*, 138 F.3d 1, 6 n.8 (1st Cir. 1998)). However, if in combination with other evidence, statements are temporally and contextually related to the employment action, they may be relevant to understanding an employer's intent. *See Straughn v. Delta Air Lines, Inc.*, 250 F.3d 23, 36 (1st Cir. 2001).

Here, the complaint alleges that high-ranking employees at the college repeatedly used a racial slur and that plaintiff experienced adverse consequences shortly thereafter. Although it is a close question, in light of the source and context of those comments, the amended complaint alleges a plausible claim of racially discriminatory intent.

It is certainly possible, as defendant suggests, that it was not objectively reasonable under the circumstances to perceive the use of the phrase "Mack Daddy" as a racial slur, but it appears that further development of the factual record is needed for that analysis. At this stage of the proceedings, it is enough that the complaint has alleged sufficient facts to state a plausible claim for relief.

Accordingly, defendant's motion to dismiss is DENIED.

**So Ordered.**

Dated: June 15, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge