UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARLYNE M. CAMPBELL, | ) |
| Plaintiff, | ) Civil Action No. |
| | ) 16-11232-FDS |
| v. | ) |
| BRISTOL COMMUNITY COLLEGE, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION TO AMEND THE AMENDED COMPLAINT**

**SAYLOR, J.**

This is an employment discrimination action. Plaintiff Marlyne Campbell alleges that defendant Bristol Community College discriminated against her because of her race and retaliated against her for voicing her concerns. Plaintiff, proceeding *pro se*, filed a complaint that survived a motion to dismiss; she then amended the complaint with permission of the Court, which also survived a motion to dismiss. She has since obtained counsel, and now requests leave to amend her complaint a second time, arguing that with the assistance of counsel she has discovered new claims.

Because the claims plaintiff seeks to add would be futile, her motion to amend will be denied.

**I.  Background**

The facts alleged by plaintiff are discussed in detail in the Court's February 23, 2017 order on defendant's motion to dismiss. In brief, the amended complaint alleges that Campbell was employed as a Career Development Counselor at Bristol Community College; that officials

there repeatedly used an offensive racial slur to describe a particular grant program; that she was retaliated against when she expressed her concerns; and that she was eventually fired. (Am. Compl. at 5-11).

Plaintiff filed this complaint *pro se* on June 23, 2016. On July 26, she filed a response to an order from this Court establishing that she had exhausted her administrative remedies with the Equal Employment Opportunity Commission and had received a right-to-sue letter dated April 15, 2016. Defendant moved to dismiss that complaint. On February 23, 2017, the Court granted that motion in part and dismissed all the state-law claims against defendant as barred by sovereign immunity and the hostile-work-environment claim as untimely. The Court denied the motion to dismiss without prejudice as to plaintiff's discrimination and retaliation claims and allowed her to file an amended complaint including more detailed allegations supporting those claims.

Plaintiff then filed an amended complaint on March 17, 2017. Defendant filed a second motion to dismiss, which the Court also denied.

On July 12, 2017, attorney Robert C. Johnson, Jr. entered an appearance for plaintiff. Plaintiff has now moved to amend the complaint again.

## II. **Standard of Review**

Rule 15 of the Federal Rules of Civil Procedure addresses amendments to pleadings.[1] Under Rule 15(a), a party may amend a "pleading" without leave of court in certain relatively

---

[1] Once a court issues a scheduling order pursuant to Rule 16, however, a party who moves to modify the deadline to amend the pleadings or to amend the pleadings after the deadline must show "good cause." Fed. R. Civ. P. 16(b)(4).

narrow circumstances.² "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). In determining whether to grant a motion to amend, the court must examine the totality of the circumstances and "exercise its informed discretion in constructing a balance of pertinent considerations." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30-31 (1st Cir. 2006).

"'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). "In reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." *Id.* On a motion to dismiss, the court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a

---

² A party may amend a pleading once as a matter of course within "21 days after serving it," or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Dismissal is appropriate if the facts as alleged do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (alterations omitted) (internal quotation marks omitted).

## III. Analysis

Plaintiff's proposed second amended complaint retains the two surviving counts of her first amended complaint for (1) retaliation and (2) racial discrimination. It seeks to add four additional claims: (3) age discrimination in violation of Mass. Gen. Laws ch. 151B; (4) "violation of due process"; (5) breach of contract by "failure to implement affirmative action/equal opportunity as required by federal Executive Order 11246"; and (6) negligent infliction of emotional distress.

### A. Count 3: Age Discrimination

Allowing plaintiff to amend her complaint to include a claim for age discrimination under state law would be futile because that claim is time-barred. Mass. Gen. Laws ch. 151B, § 9 requires "[a]ny person claiming to be aggrieved by a practice made unlawful under this chapter" to "bring a civil action for damages" no earlier than 90 days after filing a complaint with the commission or receiving permission from the commissioner in writing and "not later than three years after the alleged unlawful practice occurred." Mass. Gen. Laws. ch. 151B, § 9; *Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 117 (1st Cir. 2009) ("The law is well settled that a civil action under 151B must be filed within three years of the alleged unlawful act."). "[I]n 151B discrimination claims, the three year statute of limitations period begins to run upon the notice of an upcoming termination of employment rather than when the termination occurs." *Abraham*, 553 F.3d at 117 (citing *Adamczyk v. Augat, Inc.*, 52 Mass. App. Ct. 717, 721-22

4

(2001)).

Plaintiff here was informed of her termination on December 26, 2012, which was effective immediately. (Am. Compl. at 8-9). Accordingly, the limitations period expired on December 26, 2015, and plaintiff did not file her civil action until June 23, 2016. Therefore, the proposed age-discrimination claim would be time-barred.

### B.     Count 4:  Due Process

Plaintiff's proposed count 4 vaguely alleges "violation of due process." As there is no private right of action under the Fourteenth Amendment, plaintiff apparently seeks to assert a claim under 42 U.S.C. § 1983 or the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, § 11*I*. Section 1983 provides a cause of action against any "person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Section 11*I* provides a cause of action to any person whose rights have been interfered with "as described in section 11H." Mass. Gen. Laws ch. 12, § 11*I*. Section 11H, in turn, provides for civil enforcement against "any person or persons" who "interfere by threats, intimidation or coercion . . .with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States." *Id.* § 11H.

Either claim would be futile, because the proposed defendant is Bristol Community College, not an individual employee of the college, and state agencies are not "persons" under either law. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983."); *Fantini v. Salem State College*, 557 F.3d 22, 33 (1st Cir. 2009) (state school not subject to suit under § 1983); *Kelley v. LaForce*, 288 F.3d 1, 11 n.9 (1st Cir. 2002) ("[U]nder Massachusetts law a municipality cannot be sued under the MRCA"); *Williams*

5

*v. O'Brien*, 78 Mass. App. Ct. 169, 173 (2010) ("[T]he Commonwealth, including its agencies, is not a 'person' subject to suit pursuant to G.L. c. 12, § 11H."); *Howcroft v. City of Peabody*, 51 Mass. App. Ct. 573, 591-92 (2001). Therefore, the proposed due-process claim fails to state a claim and the amendment would be futile.

    **C.**    **Count 5:  Breach of Contract**

To the extent that proposed claim 5 is based on a state-law action for breach of contract, it is barred by sovereign immunity for the same reasons the Court identified in its February 23, 2017 order. *See BT INS, Inc. v. Univ. of Mass.*, 2010 WL 4179678, at *3 (D. Mass. Oct. 19, 2010). To the extent the claim is based on Executive Order 11246 itself, it is clear that that order creates no private cause of action. *Utley v. Varian Assocs., Inc.*, 811 F.2d 1279, 1286 (9th Cir. 1987) ("[T]he executive did not intend a private judicial remedy to redress violations of Executive Order 11,246's affirmative action program."); *see Thomas v. Choctaw Mgmt./Servs. Enter.*, 313 F.3d 910, 912 n.8 (5th Cir. 2002); *Suazo v. Regents of the Univ. of Cal.*, 1998 WL 339714, at *2 (10th Cir. June 24, 1998) (collecting cases); *Women's Equity Action League v. Cavazos*, 906 F.2d 742, 750 (D.C. Cir. 1990); *Weise v. Syracuse Univ.*, 522 F.2d 397, 411 n.23 (2d Cir. 1975); *Cohen v. Ill. Inst. of Tech.*, 524 F.2d 818, 822 n.4 (7th Cir. 1975); *Aponte Rodriguez v. U.S. Marshal Serv.*, 2005 WL 2203166, at *8-9 (D.P.R. Sept. 8, 2005). The proposed breach-of-contract claim therefore fails to state a claim.

    **D.**    **Count 6:  Negligent Infliction of Emotional Distress**

Finally, allowing plaintiff to amend her complaint to include a claim for negligent infliction of emotional distress would be futile because it would be barred by sovereign immunity. Under the Massachusetts Tort Claims Act, the Commonwealth of Massachusetts has consented to be sued in state court for certain negligence actions, but has not consented to suit in federal court. Mass. Gen. Laws ch. 258, §§ 2, 3; *Irwin v. Comm'r of the Dep't of Youth Servs.*,

388 Mass. 810, 818 (1983) (holding that the MTCA does not waive sovereign immunity in the federal courts, in answer to a question certified by the U.S. District Court for the District of Massachusetts); *see Caisse v. DuBois*, 346 F.3d 213, 218 (1st Cir. 2003) (relying on *Irwin*). Therefore, this claim, too, would be futile.

## IV. Conclusion

For the foregoing reasons, plaintiff's motion to amend her amended complaint is DENIED.

**So Ordered.**

Dated: January 17, 2018

/s/ F. Dennis Saylor
F. Dennis Saylor, IV
United States District Judge